UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RUTH CRAIG, ANTHONY CRAIG,

        Plaintiffs,

-vs-                                       Case No. 5:04-cv-527-Oc-10GRJ

PARK FINANCIAL OF BROWARD
COUNTY, INC., RONALD R. TORRES,

        Defendants.
_____

## **O R D E R**

This case is before the Court for consideration of Defendant Park Finance of Broward, Inc.'s Motion to Dismiss Class Action Complaint (Doc. 8), to which the Plaintiffs have responded (Doc. 12). Also before the Court is Defendant Ronald R. Torres' Suggestion of Bankruptcy (Doc. 18).

### **Background**

The facts, as set forth in the Plaintiffs' complaint (Doc. 1), are as follows. The Plaintiffs, on behalf of themselves and others similarly situated, have brought this action against the Defendants, Ronald R. Torres, Esquire, and Park Finance of Broward, Inc. (Park Finance), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices in the course of collecting debts from consumers.

In May of 2000, the Plaintiffs purchased a car from Brandon Hundai, which was financed through Park Finance for approximately $15,000.  The Plaintiffs made their loan payments to Park Finance regularly for about three years; however, in October 2003, the Plaintiffs were unable to make the payments owed to Park Finance.  In October 2003, the Plaintiffs only made a partial payment to Park Finance; in November 2003, the Plaintiffs did not make any payment to Park Finance; and in December 2003, the Plaintiffs made another partial payment to Park Finance.  The Plaintiffs allege that in December 2003 they spoke with several employees at Park Finance about their financial difficulties and the employees told the Plaintiffs "they understood and would work with the [P]laintiffs."  It was the Plaintiffs understanding that they "were to make half the payments and the loan would be refinanced to put the late payments on the back of the loan."  After the Plaintiffs believed they resolved the situation with Park Finance, their car was repossessed by Park Finance at 11:30 one evening.  The Plaintiffs again spoke with an employee at Park Finance, and the employee "responded at first that he forgot to tell the people not to repossess the car.  He then told the [P]laintiffs that it wasn't his problem and it was no longer in his hands."  In January 2004, Park Finance informed the Plaintiffs that they owed the company $7,015.  On October 6, 2004, Park Finance filed a suit against the Plaintiffs through its attorney, Mr. Torres, in Broward County.

The Plaintiffs' Complaint is framed in two counts.  First, the Plaintiffs claim that the Defendants violated the Fair Debt Collection Practices Act (1) by employing the use of false representation or deceptive means to collect their debt; (2) by threatening to take action

2

that cannot be legally taken or is not intended to be taken; and (3) by filing suit in Broward County when the Plaintiffs did not live in Broward County, did not sign the contract in Broward county, and did not have property in Broward County.[1]  Second, the Plaintiffs claim that the Defendants violated the Florida Consumer Collection Practices Act (1) by willfully engaging in conduct which can be reasonably expected to abuse or harass the debtor; (2) by claiming, attempting, or threatening to enforce a debt when the Defendants knew that the debt was not legitimate or asserting the existence of some legal right when the Defendant knew the right did not exist; (3) by using false representations or deceptive means to collect a debt; (4) by false representation of attorney involvement; and (5) by suing in a venue in which the Plaintiffs did not reside, did not sign the contract, and in which the property was not located.[2]

Park Finance contends that the Plaintiffs' claims are due to be dismissed as to Park Finance because "all actions alleged to have been performed by PARK in the class action complaint were merely in furtherance of collecting its own debt, and not in furtherance of the collection of consumer debts alleged to be due to another."  Therefore, Park Finance argues that since it is merely a creditor and not a "debt collector," as defined under the Fair Debt Collections Practices Act or Florida Consumer Collection Practices Act, the Plaintiffs'

---

[1]   The Plaintiffs allege that the Defendants' conduct violates 15 U.S.C. § 1692e(10), (5), and 15 U.S.C. § 1692i.

[2]   The Plaintiffs allege that the Defendants' conduct violates Fla. Stat. § 559.72(7), (9) and Fla. Stat. § 559.552.

3

claims against it should be dismissed.  In response, the Plaintiffs argue that creditors can be held liable under the Fair Debt Collections Practices Act under certain circumstances, and that the Florida Consumer Collection Practices Act allows for causes of action directly against the creditor.

Defendant Torres has filed a Suggestion of Bankruptcy, which states that Defendant Torres has filed a voluntary bankruptcy petition under Chapter 7 of the United States Bankruptcy Code on April 15, 2005 in the United States Bankruptcy Court of the Southern District of Florida under case number 05-22197-BKC-PGH.  Defendant Torres contends that the filing of the bankruptcy petition operates as an automatic stay on these proceedings pursuant to 11 U.S.C. § 362.  Furthermore, Defendant Torres contends that because Defendant Park Finance is not a "debt collector," as defined by the Fair Debt Collections Practices Act, there is no longer a pending case or controversy involving a question of federal law before the Court.

## Motion to Dismiss Standard

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate."[3]  Thus, if a complaint "shows that the Plaintiff is entitled to any relief that the Court can grant, regardless of whether it asks for the proper relief," it is sufficiently

---

[3] Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv., 400 F.2d 465, 471 (5th Cir. 1968).

pled.[4]  As the Supreme Court declared in Conley v. Gibson, a complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[5]  The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim."[6]  Instead, all that is required is that the claimant set forth a "short and plain statement of the claim" sufficient to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests."[7]  However, "while notice pleading may not require that the pleader allege a 'specific fact' to cover each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."[8]

## Discussion

*Suggestion of Bankruptcy*

As a preliminary matter, since Defendant Torres has filed a petition for bankruptcy, the claims against Defendant Torres are due to be stayed pursuant to 11 U.S.C. § 362.  However, the Plaintiffs' remaining claims against Defendant Park

---

[4]  Dotschay v. Nat. Mut. Ins. Co., 246 F.2d 221 (5th Cir. 1957).

[5]  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  See also Cook & Nichol, Inc. v. The Plimsoll Club, 451 F.2d 505 (5th Cir. 1971).

[6]  Conley, 355 U.S. at 47.

[7]  Id.

[8]  Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations omitted).

Finance must also be addressed to determine whether there is a pending case or controversy involving a question of federal law before the Court.

*Motion to Dismiss*

The purpose of the Fair Debt Collection Practices Act is, in part, "to eliminate abusive debt collection practices by debt collectors . . ."[9] Accordingly, the Act provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."[10] In addition, the Act states that "[a]ny debt collector who brings any legal action on a debt against any consumer shall . . . bring such action only the judicial district . . . in which such consumer signed the contract sued upon; or . . . in which such consumer resides at the commencement of an action."[11] The Act defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or

---

[9]   15 U.S.C. § 1692(e).

[10]  15 U.S.C. § 1692e.

[11]  15 U.S.C. § 1692i.

attempting to collect such debts."[12] The term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such person . . . ."[13] On the other hand, the Act defines a "creditor" as "any person who offers to extend credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another."[14]

In their Complaint, the Plaintiffs allege that Park Finance financed a car loan for the Plaintiffs, and then sought repayment of the loan.  Based on these allegations,  the Court concludes that Defendant Park Finance is a creditor and is therefore not covered by the Fair Debt Collection Practices Act.  The Plaintiffs argue that in certain circumstances, creditors may be held liable under the Fair Debt Collection Practices Act.  However, the cases relied upon by the Plaintiffs are wholly distinguishable because those cases involved defendants who were either "debt collectors" as defined under the Act or attorneys acting on behalf of creditors who may be considered "debt

---

[12]   15 U.S.C. § 1692a(6).

[13]   Id.

[14]   15 U.S.C. § 1692a(4).

collectors."[15]  Therefore, the claims against Park Finance under the Fair Debt Collection Practices Act are due to be dismissed.

The language of the Florida Consumer Collection Practices Act which defines the terms "debt collector" and "creditor" is almost identical to the language in the Fair Debt Collection Practices Act.[16]  However, the Plaintiffs claim that under Florida's consumer collection practices law, a consumer may sue a creditor directly.

Pursuant to Florida Statute § 559.72, "[i]n collecting consumer debts, *no person shall . . .*" engage in the prohibited collection practices delineated in the statute.[17]  Therefore, it seems as though Florida law is not restricted to consumer collection agencies and provides greater protection to consumers than the Fair Debt Collection Practices Act.[18]  Accordingly, the Plaintiff's appear to have a viable claim against

---

[15] The Plaintiffs primarily rely on Martinez v. Alburquerque Collection Services, Inc., 867 F.Supp. 1495 (D.N.M. 1994), for the proposition that creditors can be held liable under the Fair Debt Collections Protection Act "under certain circumstances."  Unlike this case, in Martinez, the defendant was hired by creditors "to collect on their outstanding debtor accounts" and the parties agreed that the defendant was "debt collector" under the definition of the Act.  Id. at 1499-1500.  The Plaintiffs also cite to Grammatico v. Sterling, No. 91-CV-467 (N.D,N.Y. Dec. 27, 1991); Vernon v. B.W.S. Credit Services, Inc., No. CV79-L-21 (D. Neb. Feb. 25, 1980); and Britton v. Weiss, 1989 WL 148663 (N.D.N.Y. 1989), for the proposition that creditors can be held liable under the Fair Debt Collections Protection Act in certain cases.  The Court was unable to locate the Grammatico and Vernon cases on Westlaw and the Plaintiffs have failed to provide the Court with a copy of these cases, but the Britton case is not relevant because it involves the liability of an attorney acting on behalf of a creditor, where as this motion to dismiss involves a creditor's liability under the Fair Debt Collections Protection Act.

[16] See Fla. Stat. § 559.55(3), (6); 15 U.S.C. § 1692a(4), (6).

[17] (emphasis added).

[18] See Williams v. Streeps Music Co., Inc., 333 So.2d 65, 67 (Fla. 4th DCA 1976) ("It
(continued...)

Defendant Park Finance under Florida law. Park Finance argues, however, that if the Court dismisses the Fair Debt Collection Practices Act claims against them, "there is no viable federal case or controversy before this Court. . . [and] supplemental jurisdiction over state law claims pursuant to 28 U.S.C. Section 1367 is not warranted." When federal claims are dismissed, the Court has the discretion to retain jurisdiction over the state law claims.[19] Upon due consideration, however, the Court declines to exercise jurisdiction over the Plaintiffs' remaining state law claim against Defendant Park Finance.

Defendant Park Finance has also requested an award of costs, fees, and sanctions on the basis that the Plaintiffs' lawsuit is frivolous, which the Court concludes is due to be denied.

## Conclusion

Upon due consideration, and for the foregoing reasons, it is ordered that:

(1) Defendant Park Finance of Broward, Inc.'s Motion to Dismiss Class Action Complaint (Doc. 8) is GRANTED in part and DENIED in part;

(2) the Plaintiffs' claims against Defendant Park Finance of Broward, Inc. are DISMISSED;

---

[18](...continued)
seems to us that this language includes all allegedly unlawful attempts at collection consumer claims.")

[19]  See, e.g., Burns-Toole v. Byrne, 11 F.3d 1270, 1276 (5th Cir. 1994).

    (3) Defendant Park Finance of Broward, Inc.'s request for costs, fees, and sanctions is DENIED;

    (4) the Plaintiffs claims against Defendant Ronald R. Torres are STAYED pursuant to 11 U.S.C. § 362; and

    (5) Since the claims against Defendant Torres have been stayed and the claims against Defendant Park Finance have been dismissed, it appears that the case will become dormant. The Clerk is therefore directed to terminate any pending motions and close the file subject to the right of either party to move at any time in the future to reopen the case for cause shown.

    IT IS SO ORDERED.

    DONE and ORDERED at Ocala, Florida this 26th day of April, 2005.

                                      UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
                Maurya McSheehy